UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LUIS RODRIGUEZ NAVARETTE,

       Plaintiff,

                                    CASE NO. 1:26-cv-1873

v.

                                    HON. ROBERT J. JONKER

KEVIN RAYCRAFT et al.,

       Defendants.

_____/

## **ORDER**

Petitioner is a detainee of United States Immigration and Customs Enforcement (ICE) currently held at the North Lake Processing Center located in Baldwin, Lake County, Michigan. He filed this counseled petition for a writ of habeas corpus under 28 U.S.C. § 2241.  (Pet., ECF No. 1.)  Petitioner challenges the lawfulness of his current detention and asks the Court to assume jurisdiction over this matter and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release him.  (*Id.* at PageID.7.)  In an order entered on June 19, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted.  (Order, ECF No. 3.) Respondents filed their response on June 24, 2026, (ECF No. 4), and Petitioner filed his reply on June 30, 2026, (ECF No. 5.)

After reviewing both the response and the reply, the Court is still not satisfied that enough information has been provided to allow the Court to make a decision regarding the relief requested in the Petition.  At the most basic level, there are factual discrepancies within the information submitted by both parties that suggest that everyone would benefit from slowing down and looking more closely at the record.  For example, Petitioner appears to claim he's detained in Baldwin

(ECF No. 1, PageID.3), but the government's paperwork says he was detained in Battle Creek (ECF No. 4-5, PageID.37.).  In addition, the petitioner's reply—which in no way addresses the Ambassador Bridge issues that the government has flagged—says that Petitioner is "a Venezuelan asylum seeker" (ECF No. 5, PageID.38.)  But everything else in the record seems to suggest the petitioner is from Colombia (*see, e.g.,* ECF No. 1, PageID.3.)  At a minimum, these factual discrepancies need to be ironed out before the Court is prepared to issue a decision.

At a deeper level, neither party has addressed significant issues that the Court sees as pertinent.  As previously mentioned, Petitioner does not address the actual arrest, which Respondents say occurred on the Ambassador Bridge between the United States and Canada.  Nor does Petitioner address his  alleged possession of a fake green card and fake passport at the time of his arrest.  Meanwhile, because Respondents insist that the detention is governed by 8 U.S.C. § 1225, they do not devote any meaningful discussion to the unique aspects of this case.  As the Court has repeatedly indicated, it does not consider a generic parole revocation sufficient to meet the regulatory requirement of case-by-case determination.  *See Perez Jiminez v. Raycraft,* 1:26-cv-1130, ECF No. 6, PageID.66–67 (W.D. Mich. May 6, 2026.)  The conduct detailed in the report—specifically, possession of fake identification cards—would likely be serious enough to satisfy any due process requirement for termination of parole, but Respondents have not indicated whether they made that individualized assessment in this case.  Nor do Respondents detail whether the arrest on the Ambassador Bridge was made with Petitioner returning from Canada, departing to Canada, or in some other context—for example, pulled over by authorities while circulating in the vicinity of the entrance to the Bridge.  The details of the arrest may affect the analysis.

All this is to say that the Court needs additional information before it can issue a decision in this case.  Accordingly, both parties shall submit supplemental briefs no later than **July 24,**

2026.  In their briefs, the parties must address the issued identified by the Court and may include anything else they believe is germane to the Court's analysis.

       **IT IS SO ORDERED.**

Dated: <u>July 14, 2026</u>                  <u>/s/ Robert J. Jonker</u>
                                              ROBERT J. JONKER
                                              UNITED STATES DISTRICT JUDGE